## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UO! IP OF DELAWARE, LLC,<br><br>                             Plaintiff,<br><br>    v.<br><br>ABBYY USA SOFTWARE HOUSE, INC.;<br>ALTERME INC.; APPLE, INC.; BIZMOSIS INC.;<br>DIOTEK CO., LTD.; ECTACO, INC.; EDOVIA INC.;<br>E-TEN INFORMATION SYSTEMS CO., LTD.;<br>FUTURE APPS INC.; HEWLETT-PACKARD CO.;<br>HTC AMERICA, INC.; HTC, INC.;<br>INTERLECTA; MITAC USA, INC.;<br>MOTOROLA, INC.; NOKIA CORPORATION;<br>NOKIA, INC.; RESEARCH IN MOTION, LTD.;<br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SONY ERICSSON MOBILE COMMUNICATIONS AB;<br>SONY ERICSSON MOBILE COMMUNICATIONS (USA)<br>INC.; SONY CORPORATION OF AMERICA;<br>SONY ELECTRONICS, INC.;<br>SONY COMPUTER ENTERTAINMENT INC.;<br>SONY COMPUTER ENTERTAINMENT AMERICA INC.;<br>SONY CORPORATION; T-MOBILE USA, INC.;<br>TOSHIBA AMERICA, INC.;<br>TOSHIBA AMERICA CONSUMER PRODUCTS, INC.;<br>TOSHIBA CORPORATION; and<br>WIZCOM TECHNOLOGIES, INC.,<br><br>                            Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.    This is an action for patent infringement in which UO! IP of Delaware, LLC ("UO" or "Plaintiff") makes the following allegations against ABBYY USA Software House, Inc.; Alterme Inc.; Apple, Inc.; Bizmosis Inc.; DIOTEK Co., Ltd.; Ectaco, Inc.; Edovia Inc.; E-TEN Information Systems Co., Ltd.; Future Apps Inc.; Hewlett-Packard Co.; HTC America, Inc., HTC, Inc.; Interlecta; Mitac USA, Inc.; Motorola, Inc.; Nokia Corporation; Nokia, Inc.; Research in Motion, Ltd.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Sony Ericsson Mobile

Communications AB; Sony Ericsson Mobile Communications Inc.; Sony Corporation of America, Sony Electronics, Inc.; Sony Computer Entertainment Inc.; Sony Computer Entertainment America Inc.; Sony Corporation; T-Mobile USA, Inc.; Toshiba America, Inc.; Toshiba America Consumer Products, Inc.; Toshiba Corporation; and Wizcom Technologies, Inc.

## PARTIES

2.      Plaintiff UO! is a Delaware Limited Liability Company with its principal place of business at 2711 Centerville Road, Ste. 400, Wilmington, Delaware, 19808.

3.      On information and belief, Defendant ABBYY USA Software House, Inc. ("ABBYY") is a California corporation with its principal place of business at 880 N. McCarthy Blvd, Ste 220, Milpitas, California, 95035-5126.  ABBYY may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

4.      On information and belief, Defendant Alterme Inc. ("Alterme") has its principal place of business at 901 S. Grandridge Ave, Monterey Park, CA. 91754.  On information and belief, Defendant Alterme may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

5.      On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Defendant Apple may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

6.      On information and belief, Defendant Bizmosis Inc. ("Bizmosis") is a Georgia corporation with its principal place of business at 4980 Magnolia Creek Drive,

2

Cumming, Georgia, 30028.  Defendant Bizmosis may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

7.     On information and belief, Defendant DIOTEK Co., Ltd. ("DIOTEK") is a Korean company with its principal place of business at 701 ACE Techno Tower VIII, 191-7 Guro 3-dong, Guro-gu, Seoul, 152-780.  On information and belief, Defendant DIOTEK may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

8.     On information and belief, Defendant Ectaco, Inc. ("Ectaco") is a New York corporation with its principal place of business at 3121 31st St., Astoria, New York, 11106-2530.  Defendant Ectaco may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

9.     On information and belief, Defendant Edovia Inc. ("Edovia") is a Canadian corporation with its principal place of business at 4000 St-Ambroise, Ste. 279, Montreal QC H4C 2C7 Canada.  On information and belief, Defendant Edovia may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

10.    On information and belief, Defendant E-TEN Information Systems Co., Ltd. ("E-TEN") is a Taiwanese company with its principal place of business at No. 256, Yangguang Street, Neihu Chiu, Taipei, Taiwan 114.  Defendant E-TEN may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

11.    On information and belief, Defendant Future Apps Inc. ("Future Apps") has its principal place of business at 3487 Route 343, Amenia, NY 12501.  On information and belief, Defendant Future Apps may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

12.     On information and belief, Defendant Hewlett-Packard Co. ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover St., Palo Alto, California, 94304-1112.  Defendant HP may be served with process via its registered agent, The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

13.     On information and belief, Defendant HTC America, Inc. ("HTC America") is a Texas corporation with its principal place of business at 13290 SE Eastgate Way, Ste 400, Bellevue, Washington, 98005-4440.  Defendant HTC may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104 via its registered agent, Thomas Carter, at 2016 Lundy Pass, Franklin, Tennessee, 37069-1874.

14.     On information and belief, Defendant HTC, Inc. is a Taiwanese corporation with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, R.O.C.  On information and belief, HTC, Inc. may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

15.     On information and belief, Defendant Interlecta ("Interlecta") is a Bulgarian company with its principal place of business at P.O. Box 335, Veliko Turnovo 5000, Bulgaria.  On information and belief, Defendant Interlecta may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104 through its managing director Neven Boyanov, 130 Osvobojdenie St., Veliko Turnovo 5000, Bulgaria or through an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16.     On information and belief, Defendant Mitac USA, Inc. ("Mitac") is a California corporation with its principal place of business at 47988 Fremont Blvd.,

Fremont, California, 94538-6507.  Defendant Mitac may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.*  § 3104.

17.    On information and belief, Defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 E. Algonquin Rd., Schaumburg, Illinois, 60196-4041.  Motorola may be served at its registered agent, The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

18.    On information and belief, Defendant Nokia Corporation ("Nokia Corp.") is a Finnish corporation with principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland.  On information and belief, Nokia, Inc. ("Nokia Inc.") is a wholly owned subsidiary of Nokia Corporation, and is a Delaware corporation with a principal place of business at 6000 Connection Drive, Irving, Texas, 75039 (Nokia Corp. and Nokia, Inc. collectively referred to as "Nokia").  Nokia may be served with process at its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 160, Dover, Delaware 19904.

19.    On information and belief, Defendant Research in Motion Ltd. ("RIM") is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.  On information and belief, RIM may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.*  § 3104.

20.    On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean corporation with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea.  On information and belief, Samsung Electronics may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.*  § 3104.

21.     On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.   Samsung Electronics America may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.*  § 3104.

22.     On information and belief, Defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson AB") is a corporation organized under the laws of the country of Sweden, with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88.   On information and belief, Sony Ericsson AB may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.*  § 3104 at the Central Authority of Sweden, whose address is Utrikes Departmentet, Juridiska Byran, Box 16121, S-103 23 Stockholm 16, Sweden.

23.     On information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson USA") is a Delaware corporation, with its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.   Defendant Sony Ericsson USA may be served with process through its registered agent Capital Services, Inc., 615 South DuPont Highway, Dover, Delaware 19901.

24.     On information and belief, Defendant Sony Corporation of America ("Sony of America") is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York, 10022.   Defendant Sony of America is registered to do business in Delaware and may be served with process through its registered agent, The Corporation Trust Company, 1209 North Orange Street,

Wilmington, Delaware 19801 and pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

25.     On information and belief, Defendant Sony Electronics, Inc. ("Sony Electronics") is a Delaware Corporation with its principal place of business at 555 Madison Ave, Fl. C, New York, NY 10022-3301.  Defendant Sony Electronics may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

26.     On information and belief, Defendant Sony Computer Entertainment Inc. ("Sony CE") is a Japanese corporation with its principal place of business at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan.  On information and belief, Sony CE may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

27.     On information and belief, Defendant Sony Computer Entertainment America Inc. ("Sony CEA") is a Delaware corporation with its principal place of business at 919 & 989 East Hillsdale Boulevard, Foster City CA, 94404.  Sony CEA may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Willington, DE 19808.

28.     On information and belief, Defendant Sony Corporation ("Sony Corp.") is a Japanese corporation with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.  On information and belief, Sony may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

29.     On information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business at 12920 SE 38th St.,

Bellevue, Washington, 98006-1350.  T-Mobile may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

30.     On information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020. Toshiba America may be served with process via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

31.     On information and belief, Defendant Toshiba America Consumer Products, L.L.C. ("Toshiba Consumer") is a New Jersey Limited Liability Company with its principal place of business at 82 Totowa Road, Wayne, New Jersey 07470.  Toshiba Consumer may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

32.     On information and belief, Defendant Toshiba Corporation ("Toshiba Corp.") is a Japanese corporation with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. On information and belief, Toshiba may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

33.     On information and belief, Defendant Wizcom Technologies, Inc. ("Wizcom") is a Massachusetts corporation with its principal place of business at 33 Boston Post Rd. W., Ste. 320, Marlborough, Massachusetts, 01752-1829.  Wizcom may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

## JURISDICTION AND VENUE

34.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

35.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

36.    On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,704,699

37.    Plaintiff is the owner by assignment of United States Patent No. 6,704,699 ("the '699 Patent") entitled "Language Acquisition Aide" – including all rights to recover for past and future acts of infringement.  The '699 Patent issued on March 9, 2004.  A true and correct copy of the '699 Patent is attached as Exhibit A.

38.    On information and belief, ABBYY has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.   ABBYY's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United

States, at least ABBYY Lingvo software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent.  ABBYY is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

39.     On information and belief, Alterme has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Alterme's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Translator with Voice software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent.  Alterme is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

40.     On information and belief, Apple has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Apple's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Apple's iPhone Models, which support the use of translation software including at least Alterme's Translator with Voice, Edovia's Linguo – Multilingual Translator, Future Apps' iSpeak Spanish and Bizmosis' iTranslate Ultimate products for the iPhone, infringing one or

more claims of the '699 Patent.  Apple is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

41.     On information and belief, Bizmosis has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Bizmosis' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least iTranslate - Ultimate software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent.  Bizmosis is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

42.     On information and belief, DIOTEK has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  DIOTEK's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least MobiReader Pro software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent.  DIOTEK is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

43.     On information and belief, Ectaco has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Ectaco's

infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile translation devices, including at least the Ectaco's iTRAVL products, infringing one or more claims of the '699 Patent.  Ectaco is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

44.     On information and belief, Edovia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Edovia's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Linguo – Multilingual Translator software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent. DIOTEK is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

45.     On information and belief, E-TEN has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  E-TEN's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least E-TEN's Glofiish, M600 and M500 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing

one or more claims of the '699 Patent.  E-TEN is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

46.     On information and belief, Future Apps has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Future Apps' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least iSpeak Spanish software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent.  Future Apps is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

47.     On information and belief, HP has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  HP's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least HP's iPAQ Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent.  HP is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48.     On information and belief, Defendants HTC America and HTC, Inc. (collectively "HTC") have been and now are directly infringing, and/or inducing

infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  HTC's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least HTC's S710, X7500, Hermes, P3300 and S620 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent.  HTC is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49.   On information and belief, Interlecta has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Interlecta's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Interlecta Translator software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '699 Patent.  Future Apps is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50.   On information and belief, Mitac has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Mitac's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that

include a photography device or other scanner device, including at least Mitac's MIO Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent. Mitac is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51.     On information and belief, Motorola has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States. Motorola's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Motorola's MPx220 Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent. Motorola is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.     On information and belief, Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States. Nokia's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Nokia's N95, N93, N91, N80, N76, N73, N71, E90, E70, E65, E61, E60, E50-1, 6290, 6120, 6110, 5500d, 5700, 3250, E71 and N78 Models, which support the use of translation software

including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent.  Nokia is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.     On information and belief, RIM has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  RIM's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least RIM's Blackberry products, which support the use of translation software including at least the Interlecta Mobile Translator products, infringing one or more claims of the '699 Patent. RIM is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.     On information and belief, Defendants Samsung Electronics and Samsung Electronics America (collectively "Samsung") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Samsung's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Samsung's SGH-i900 Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699

Patent.  Samsung is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.     On information and belief, Sony Ericsson AB, Sony Ericsson USA, Sony of America, Sony Electronics, Sony Corp., Sony CE and Sony CEA (collectively "Sony") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  Sony's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Sony's P990, M600 and W950 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent.  Sony is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

56.     On information and belief, T-Mobile has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.  T-Mobile's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least T-Mobile's SDA Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent.  T-Mobile is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57.     On information and belief, Defendants Toshiba America, Toshiba Consumer and Toshiba Corp. (collectively "Toshiba") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.   Toshiba's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Toshiba's Portege G900 Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '699 Patent.  Toshiba is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58.     On information and belief, Wizcom has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '699 Patent in this judicial district, and elsewhere in the United States.   Wizcom's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, hand-held scanning translator devices, including at least Wizcom's Quicktionary®TS Models, which infringe one or more claims of the '699 Patent. Wizcom is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,254,531

59.     Plaintiff is the owner by assignment of United States Patent No. 7,254,531 ("the '531 Patent") entitled "In-context analysis and automatic translation" – including all

rights to recover for past and future acts of infringement. The '531 Patent issued on August 7, 2007. A true and correct copy of the '531 Patent is attached as Exhibit B.

60. On information and belief, ABBYY has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States. ABBYY's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least ABBYY Lingvo software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '531 Patent. ABBYY is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

61. On information and belief, Alterme has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States. Alterme's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Translator with Voice software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '531 Patent. Alterme is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62. On information and belief, Apple has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States. Apple's

infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Apple's iPhone Models, which support the use of translation software including at least Alterme's Translator with Voice, Edovia's Linguo – Multilingual Translator, Future Apps' iSpeak Spanish and Bizmosis' iTranslate Ultimate products for the iPhone, infringing one or more claims of the '531 Patent. Apple is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63.     On information and belief, Bizmosis has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.   Bizmosis' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least iTranslate - Ultimate software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '531 Patent. Bizmosis is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

64.     On information and belief, DIOTEK has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.   DIOTEK's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least MobiReader Pro software products for mobile devices that include a

photography device or other scanner device, infringing one or more claims of the '531 Patent. DIOTEK is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

65.     On information and belief, Ectaco has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States. Ectaco's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile translation devices, including at least the Ectaco's iTRAVL products, infringing one or more claims of the '531 Patent. Ectaco is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

66.     On information and belief, Edovia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States. Edovia's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Linguo – Multilingual Translator software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '531 Patent. DIOTEK is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

67.     On information and belief, E-TEN has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States. E-TEN's

infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least E-TEN's Glofiish, M600 and M500 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  E-TEN is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

68.    On information and belief, Future Apps has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  Future Apps' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least iSpeak Spanish software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '631 Patent.  Future Apps is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

69.    On information and belief, HP has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  HP's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least HP's iPAQ Models, which support the use of translation software including at least the ABBYY

Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  HP is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

70.   On information and belief, Defendants HTC America and HTC, Inc. (collectively "HTC") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  HTC's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least HTC's S710, X7500, Hermes, P3300 and S620 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  HTC is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

71.   On information and belief, Interlecta has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  Interlecta's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Interlecta Translator software products for mobile devices that include a photography device or other scanner device, infringing one or more claims of the '531 Patent.  Future Apps is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

72.     On information and belief, Mitac has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  Mitac's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Mitac's MIO Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  Mitac is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

73.     On information and belief, Motorola has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  Motorola's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Motorola's MPx220 Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  Motorola is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

74.     On information and belief, Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  Nokia's

infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Nokia's N95, N93, N91, N80, N76, N73, N71, E90, E70, E65, E61, E60, E50-1, 6290, 6120, 6110, 5500d, 5700, 3250, E71 and N78 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  Nokia is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

75.     On information and belief, RIM has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  RIM's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least RIM's Blackberry products, which support the use of translation software including at least the Interlecta Mobile Translator products, infringing one or more claims of the '531 Patent.  RIM is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

76.     On information and belief, Defendants Samsung Electronics and Samsung Electronics America (collectively "Samsung") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.  Samsung's infringements include, without limitation, making, using, offering for sale, and/or selling

within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Samsung's SGH-i900 Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  Samsung is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

77.     On information and belief, Sony Ericsson AB, Sony Ericsson USA, Sony of America, Sony Electronics, Sony Corp., Sony CE and Sony CEA (collectively "Sony") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.   Sony's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Sony's P990, M600 and W950 Models, which support the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  Sony is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

78.     On information and belief, T-Mobile has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.   T-Mobile's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device,

including at least T-Mobile's SDA Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  T-Mobile is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

79.    On information and belief, Defendants Toshiba America, Toshiba Consumer and Toshiba Corp. (collectively "Toshiba") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.   Toshiba's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, mobile devices that include a photography device or other scanner device, including at least Toshiba's Portege G900 Model, which supports the use of translation software including at least the ABBYY Lingvo software products for mobile devices, infringing one or more claims of the '531 Patent.  Toshiba is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

80.    On information and belief, Wizcom has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '531 Patent in this judicial district, and elsewhere in the United States.   Wizcom's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, hand-held scanning translator devices, including at least Wizcom's Quicktionary®TS Models, which infringe one or more claims of the '531 Patent.

Wizcom is thus liable for infringement of the '531 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.   A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '699 Patent;

2.   A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '699 Patent;

3.   A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '699 Patent as provided under 35 U.S.C. § 284;

4.   A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '531 Patent;

5.   A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '531 Patent;

6.  A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '531 Patent as provided under 35 U.S.C. § 284;

7.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

8.  Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


May 27, 2010                                      BAYARD, P.A.


                                                  */s/ Richard D. Kirk (rk0922)*
                                                  Richard D. Kirk
                                                  Stephen B. Brauerman
                                                  222 Delaware Avenue, Suite 900
**OF COUNSEL:**                                   P.O. Box 25130
                                                  Wilmington, DE 19899-5130
Andrew W. Spangler                                rkirk@bayardlaw.com
Todd Brandt                                       sbrauerman@bayardlaw.com
Spangler Law, PC                                  (302) 655-5000
208 N Green St., #300
Longview, TX 75601-7312                           ***Counsel for Plaintiff***
(903) 753-9300                                    ***UO! IP of Delaware, LLC***

Gregory P. Love
Scott E. Stevens
Darrell G. Dotson
STEVENSLOVE
Longview, Texas 75606
(903) 753–6760
greg@stevenslove.com
scott@stevenslove.com
darrell@stevenslove.com